UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTOSHA N. CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-4550-B |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (doc. 5) filed November 19, 2012. For the following reasons, the Court **GRANTS** Defendant's Motion.

I.

BACKGROUND[1]

In this residential mortgage foreclosure case, Plaintiff Santosha N. Carter alleges Defendant Bank of America, N.A. unlawfully initiated foreclosure proceedings on Carter's home. Doc. 1-3, Orig. Pet. ¶¶ 6-16. The property in question is located at 1507 Bricknell Drive, Glenn Heights, Dallas County, Texas 75154 (the "Property"). *Id.* ¶ 4. Plaintiff seeks to quiet title to the Property and requests declaratory judgments, exemplary damages, and attorney's fees. *Id.* ¶¶ 18-32.

On March 15, 2010, Plaintiff executed a Note and Deed of Trust to non-party DHI Mortgage

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Original Petition. *See, e.g., Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

Company, Ltd. ("DHI") for the purchase of the Property. *Id.* ¶¶ 4-5. In both the Note and Deed of Trust, DHI is identified as the "Lender." *Id.* ¶ 5. In the Deed of Trust, Mortgage Electronic Registration System, Inc. ("MERS") is recognized as "beneficiary" and "nominee for the Lender." *Id.* ¶ 7; *See* doc. 6-3, Def.'s Ex. B (Deed of Trust).² On July 27, 2011, MERS assigned the Deed of Trust to non-party BAC Home Loan Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BAC"). Doc. 1-3, Orig. Pet. ¶ 6. On May 10, 2012, the Appointment of Substitute Trustee was filed with the Dallas County Clerk. *Id.*; doc. 6-6, Def.'s Exhibit E (Appointment of Substitute Trustee). It identified MERS as the original mortgagee and Defendant as the current mortgagee. Doc. 6-6, Def.'s Exhibit E (Appointment of Substitute Trustee).

On or about September 20, 2012, Defendant gave notice to Plaintiff that a non-judicial foreclosure sale would be conducted on November 6, 2012. *Id.* ¶ 7. Plaintiff then filed the Original Petition, doc. 1-3, in state court. Plaintiff alleges that any assignment of the Note or Deed of Trust is null because neither was properly assigned to the Defendant. *See* doc. 1-3, Orig. Pet. ¶¶ 6, 11, 16. Plaintiff therefore claims Defendant acquired no interest or right "to declare default, accelerate, appoint a substitute trustee, and/or conduct a foreclosure sale" because BAC did not assign the Note or Deed of Trust to Defendant. *Id.* ¶ 6. Defendant properly removed the case on the basis of diversity jurisdiction and filed the present Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

²The Court here may properly consider documents submitted with Defendant's Motion to Dismiss without converting said motion into a Motion for Summary Judgment. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

The Motion has been fully briefed and is ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. P. 8(a)(2)).

III.

ANALYSIS

Plaintiff seeks quiet title, declaratory judgment, and damages and fees in this case. The Court addresses each in turn.

A.  *Quiet Title Claim*

Plaintiff seeks to quiet title of the Property. Plaintiff alleges that the Note and Deed of Trust have been subject to multiple assignments. Plaintiff further alleges that Defendant failed to acquire or retain any interest under the Note, which then voided any title or power provided for in the Deed of Trust. Doc. 1-3, Orig. Pet. ¶¶ 27-28. As a result, Plaintiff claims a "cloud" on the title exists because she is unable to safely discharge the lien and is thus subject to multiple liabilities. *Id.* ¶ 28. Plaintiff seeks an order quieting title to the Property in her favor and against Defendant, freeing title to the Property of the liens of the Deed of Trust and from the obligations under the Note. *Id.* ¶ 29.

A suit to quiet title is an equitable action to clear a "clouded" title. *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *6 (N.D. Tex. June 26, 2012). Title to property is "clouded" when a party has an invalid claim to the property that serves to diminish the property's value. *See generally Bell v. Bank of Am. Home Loan Servicing LP*, 4:11-cv-02085, 2012 WL 568755, at *6-7 (S.D. Tex. Feb. 21, 2012). In order to quiet title, the plaintiff must prove: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf*, 2012 WL 2399369, at *7 (quoting *Bell*, 2012 WL 568755, at *7). Plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will

-4-

warrant judicial interference." *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *4 (W.D. Tex. Apr. 26, 2011) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied)). "[P]laintiff . . . must prove, and thereby recover on, the strength of [her] . . . title and not on the weakness of [her] . . . adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.) (quoting *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.–Corpus Christi 1984, writ ref'd n.r.e.)).

First, the Court notes that "borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." *Metcalf*, 2012 WL 2399369, at *5 (quoting *Garrett v. HSBC Bank USA, N.A.*, No. 3-12-CV-0012-D, 2012 U.S. Dist. LEXIS 66616, at *6 (N.D. Tex. May 11, 2012)); *see DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011); *Woods v. Bank of Am.*, No. 3:11-CV-1116-B, 2012 U.S. Dist. LEXIS 54449, at *13 (N.D. Tex. Apr. 17, 2012). Therefore, to the extent Plaintiff is challenging an assignment of her mortgage, that argument fails as a matter of law under well-established precedent.

Even if Plaintiff may state a cause of action independent of the assignments to which she is not a party, her claims still fail. In order to establish the third element of her quiet title claim, Plaintiff must allege that Defendant's claim to the property, "although facially valid, is invalid or unenforceable." *Metcalf*, 2012 WL 2399369, at *7. "Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note." *Cannon v. JPMorgan Chase Bank, N.A.*, 4:11-CV-458, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011) (collecting cases); *see also* Tex. Prop. Code §§ 51.002(b), (d), 51.0025. Courts "have roundly rejected [the show-me-the-note] theory." *Wells*, 2011

WL 2163987, at *2; *see also Reardean v. CitiMortgage, Inc.*, A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). In order to foreclose under Texas law, the mortgagee need only provide: (1) notice of default, with an opportunity to cure, and (2) notice of the actual foreclosure sale. *See* Tex. Prop. Code §§ 51.002(b), (d), 51.0025. A mortgagee under Texas law is defined, *inter alia*, as "the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4)(C).

Here, Defendant qualified as a mortgagee as it was the last entity to whom the security interest had been assigned of record. Doc. 6-6, Def.'s Ex. E (Appointment of Substitute Trustee). There is no requirement under Texas law that the mortgagee hold the Note and thus Plaintiff's contention that the foreclosing party must hold the Note fails as a matter of law. Plaintiff has failed to adequately allege that Defendant's claim to the title is "invalid or unenforceable" and, therefore, Plaintiff has failed to state a claim to quiet title. *See Metcalf*, 2012 WL 2399369, at *7.

The Court **GRANTS** Defendant's Motion to Dismiss the quiet title claim.

B.   *Declaratory Judgment, Damages, and Fees*

Plaintiff requests two declaratory judgments related to Defendant's alleged lack of interest under both the Note and Deed of Trust, as well as exemplary damages and attorney's fees. Doc. 1-3, Orig. Pet. ¶¶ 21, 25, 31-33. A declaratory judgment merely allows a party "to obtain 'an early adjudication of an actual controversy' arising under other substantive law." *Metcalf*, 2012 WL 2399369, at *9 (quoting *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1991)). It is a procedural device and does not create a substantive cause of action. *Valdez v. Fed. Home Loan Mort. Corp.*, 3:11-CV-1363, 2011 WL 7068386, at *3 (N.D. Tex.

Nov. 28, 2011) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)). Therefore, Plaintiff's request for declaratory relief cannot stand alone. Because dismissal is proper as to all of Plaintiff's claims, there is no substantive claim upon which exemplary damages, attorney's fees, or declaratory judgment may be awarded. Thus, Plaintiff's aforementioned requests are **DISMISSED**.

## IV.
## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. The claims and arguments within Plaintiff's Original Petition and Plaintiff's Response to Defendant's Motion to Dismiss are well-worn and have been repeatedly rejected by this Court and others in the Northern District of Texas. As such, the Court **DISMISSES THIS CASE WITH PREJUDICE**, as any amendment would be futile. *See* Fed. R. Civ. P. 15(a); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000).

**SO ORDERED.**

**SIGNED: April 9, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE